UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAL OLENIACZ,

                              Plaintiff,

            -against-                                    20-CV-10612 (CM)

JUSTYANA TURKOWSKI, et al.                              TRANSFER ORDER

                              Defendants.

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, currently incarcerated in the Buffalo Federal Detention Center (BFDC), brings

this *pro se* action under the Court's federal-question jurisdiction, alleging that Defendants

violated his constitutional rights. For the following reasons, this action is transferred to the

United States District Court for the Northern District of New York.

**DISCUSSION**

       Under the general venue provision, a civil action may be brought in:

       (1) a judicial district in which any defendant resides, if all defendants are residents
       of the State in which the district is located; (2) a judicial district in which a
       substantial part of the events or omissions giving rise to the claim
       occurred . . . ; or (3) if there is no district in which an action may otherwise be
       brought as provided in this section, any judicial district in which any defendant is
       subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. 28 U.S.C. § 1391(c)(1).

       Plaintiff alleges that he was in the custody of the New York State Department of

Corrections and Community Supervision (DOCCS), at the Gouverneur and Clinton Correctional

Facilities, before he entered immigration custody in BFDC, and that his constitutional rights

were violated at all three of those facilities. But Plaintiff also alleges that the events giving rise to

this complaint occurred in "Queens/State Prisons/Batavia ICE" from "Summer 2015" through

today. (ECF 2 ¶ V.) Plaintiff names a number of facility officers as defendants without specifying

the facility that employs each of them, and he names other individuals as defendants, some of

whom have the same last name as him. Plaintiff alleges that he was assaulted, forcibly

medicated, fed "poisoned food," and denied disciplinary due process and access to medical care.

He also recounts a number of events bearing no obvious relationship to his conditions of

confinement — for example, he discusses a stolen lottery ticket. (*Id.*) Attached to his nine-page

complaint are more than 180 pages of grievance forms, responses and medical records. Most of

these attachments are about events occurring at Clinton and Gouverneur.[1] Plaintiff seeks money

damages and "justice."

Because Plaintiff does not allege that any of the defendants reside in this judicial district

or that a substantial part of the events or omissions underlying his claim arose in this judicial

district , venue does not appear to be proper in this court under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the

convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

"District courts have broad discretion in making determinations of convenience under Section

1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H.*

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases

on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417,

426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the

burdens of litigation that is unrelated to the forum that a party chooses are not imposed

unreasonably on jurors and judges who have enough to do in determining cases that are

---

[1] Plaintiff alleges that he faces deportation to his native Poland. According to the
Executive Office for Immigration Review's hotline, on July 28, 2020, an immigration judge in
Napanoch, New York, ordered Plaintiff's removal.

appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The majority of the underlying events occurred in Clinton and Gouverneur, where Plaintiff was incarcerated before he entered immigration custody at BFDC. Clinton and Gouverneur are located in Clinton and St. Lawrence Counties, respectively, both of which fall within the Northern District of New York. BFDC is located in Genesee County, which falls within the Western District of New York. See 28 U.S.C. § 112(a), (d). Venue is therefore arguably proper in either the Northern or Western District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court

concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 17, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge